JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-6390 PA (JPRx) | Date | October 12, 2016 |
|---|---|---|---|
| Title | Claude Norris, et al. v. Gulf Offshore Logistics, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Gulf Offshore Logistics, LLC and JNB Operating, LLC (respectively "GOL" and "JNB"; collectively "Defendants") on August 25, 2016. Defendants assert that this Court has jurisdiction over the putative class action brought against them by plaintiffs Claude Norris, Douglas Kwaw, and James Musgrove (collectively "Plaintiffs") based on the Court's diversity jurisdiction, as well as federal question jurisdiction premised upon preemption by the Fair Labor Standards Act (the "FLSA") and general federal maritime law. (See Notice of Removal, ¶¶ 8, 19 (citing 28 U.S.C. §§ 1331, 1332).) Plaintiffs filed a motion to remand on September 6, 2016, which they have since withdrawn. (Docket Nos. 13, 20.)[1]

## I.    Legal Standard

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "In cases removed from state court, the removing defendant has always borne the burden of establishing federal jurisdiction." Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006) (internal quotation marks omitted). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1]    Even though the plaintiffs have withdrawn their motion to remand, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte .'" Grupo Dataflux v. Atlas Global Group, L.P. , 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co. , 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-6390 PA (JPRx) | Date | October 12, 2016 |
|---|---|---|---|
| Title | Claude Norris, et al. v. Gulf Offshore Logistics, LLC, et al. | | |

**III.     Diversity Jurisdiction**

      Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction, Defendants bear the burden of demonstrating that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  An LLC has the citizenship of its members for diversity purposes.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership.").

      "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  To sufficiently allege the citizenship of unincorporated business entities, "a party must list citizenships of all the members of the limited liability company . . . ." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

      Defendants' Notice of Removal simply alleges "[A]ll of the members of GOL are domiciled in, and residents of, the State of Louisiana.  Therefore, GOL's state of citizenship is Louisiana." (Notice of Removal, ¶ 3.)  It alleges the same of JNB.  (Id., ¶ 4.)  The Notice does not identify Defendants' members, much less state their states of citizenship.  Instead, Defendants have alleged its citizenship conclusory fashion without identifying its members.  A defendant is presumed to know the facts surrounding its own citizenship.  See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes").  As a result, Defendant's allegations concerning its own citizenship are insufficient to invoke this Court's diversity jurisdiction.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d at 1022.  Defendants' conclusory allegations are insufficient to establish their right of removal.

      Because neither the Notice of Removal nor the Complaint affirmatively lists the identities or the states of citizenship of the members of Defendants, they have not established that this Court has subject matter jurisdiction under 28 U.S.C. §1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-6390 PA (JPRx) | Date | October 12, 2016 |
|---|---|---|---|
| Title | Claude Norris, et al. v. Gulf Offshore Logistics, LLC, et al. | | |

**III.    Federal Question Jurisdiction**

  Defendants also contend that this Court has jurisdiction because Plaintiffs' claims are completely preempted by the FLSA and general federal maritime law, thus creating federal question jurisdiction. To successfully allege subject matter jurisdiction premised upon federal question, Defendants must establish that Plaintiffs' claims "arise under" federal law. 28 U.S.C. § 1331. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. The existence of a federal defense to a claim does not establish federal question jurisdiction. Id., 482 U.S. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318. Thus, the plaintiff is generally the "master of the claim." Id., 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. A corollary to the well-pleaded complaint rule exists where the claim could arise only under federal law, including where the alleged state claim is completely preempted by federal law. Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912, 919 (1998). "Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013) (internal quotation marks and citations omitted). "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 328. "Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000). Thus, while defensive preemption of a state claim cannot be the basis of removal, complete preemption can be. See Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318.

  The Supreme Court has found complete preemption by only three federal statutes: (1) § 301 of Labor Management Relations Act, Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 558–62, 88 S. Ct. 1235, 20 L. Ed.2d 126 (1968); (2) § 502(a) of the Employee Retirement Income Security Act of 1974, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65–67, 107 S. Ct. 1542, 1547, 95 L. Ed.2d 55 (1987); and (3) §§ 85 and 86 of the National Bank Act, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7–11, 123 S. Ct. 2058, 156 L. Ed.2d 1 (2003). Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 948 (9th Cir. 2014). To establish that this "extraordinary" preemptive doctrine applies, the defendant must demonstrate that "Congress has clearly manifested an intent to make causes of action within the scope [of the statute] removable to federal court." Taylor, 481 U.S. at 66, 107 S. Ct. at 1548, 95 L. Ed. 2d 55. "[T]he prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." Id., 481 U.S. at 68, 107 S. Ct. at 1548, 95 L. Ed. 2d 55 (Brennan, J. concurring) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-6390 PA (JPRx) | Date | October 12, 2016 |
|---|---|---|---|
| Title | Claude Norris, et al. v. Gulf Offshore Logistics, LLC, et al. | | |

Here, Plaintiffs' Complaint alleges state law claims for violations of the following: California Labor Code §§ 201–203, 226(a), 1194, and 1197; California Unfair Competition Law (Bus. & Prof. Code §§ 17200 et seq.); and Industrial Welfare Commission Wage Order number Nine. No federal claim is alleged.

Defendants have failed to establish such complete preemption of Plaintiffs' claims by the FLSA and general federal maritime law, and the weight of authority opposes this proposition. The Ninth Circuit has observed that the FLSA's savings clause, 29 U.S.C. § 218, "made clear [Congress's] intent not to disturb the traditional exercise of the states' police powers with respect to wages and hours more generous than the federal standards." Pac. Merch. Shipping Ass'n v. Aubry, 918 F.2d 1409, 1421, 1423–24 (9th Cir. 1990) ("[W]e find no indication in the language or legislative history of the FLSA's savings clause that Congress intended that section 218 not allow state to apply more generous overtime pay laws to maritime workers working on the high seas."); Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir. 2000) ("[T]he FLSA's 'savings clause' is evidence that Congress did not intend to preempt the entire field."); Overnite Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991) ("'Congress did not prevent the states from regulating overtime wages paid to workers exempt from the FLSA.'").

The only case that Defendants cite for the proposition that Plaintiffs' claims are preempted is inapposite. (See Notice of Removal, ¶¶19–20 (citing Fuller v. Golden Age Fisheries, 14 F.3d 1405, 1409 (9th Cir. 1994)).) The issue in Fuller was whether express exemptions of fishermen and seamen from the FLSA's minimum wage and overtime provisions conflicted with plaintiff fishermen's state claims, i.e., whether the FLSA's exemptions "preempted" the plaintiffs' claims. Fuller, 14 F.3d at 1409. There, the defendants alleged preemption in the defensive sense, not the jurisdictional sense. See ARCO Envtl. Remediation, L.L.C., 213 F.3d at 1114 (distinguishing defensive preemption from complete preemption). The Fuller court simply held that given the facts of the case, plaintiff fishermen's claims were in conflict with the FLSA; complete preemption was not at issue. See Fuller, 14 F.3d at 1409. Therefore Fuller does not support the contention that the FLSA or maritime law confer federal question jurisdiction upon Plaintiffs' claims.

**Conclusion**

For the foregoing reasons, Defendants have not met their burden of establishing that the Court has subject matter jurisdiction over Plaintiffs' claims. Accordingly, the Court remands this case to Ventura County Superior Court, Case No. 56-2016-00484144-CU-OE-VTA, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendants' Motion to Transfer (Docket No. 10) and Motion to Dismiss (Docket No. 22) are denied as moot.

IT IS SO ORDERED.